## 44552. BAKER v. BAKER.
### (356 SE2d 873)

GREGORY, Justice.

Billie Emlott Baker and her former husband, John Riley Baker, were granted a divorce on September 27, 1984. The judgment of divorce incorporated an agreement in which the parties agreed to have

the marital estate appraised before distribution. Mrs. Baker brought this declaratory judgment action challenging the results of the appraisals and seeking to have another appraisal performed. The trial court granted defendant summary judgment from which Mrs. Baker appeals. We affirm.

The judgment of divorce provided that the "property accumulated by the parties during the marriage will be appraised at fair market value by an appraiser selected by the parties and mutually agreed upon by both the Husband and Wife and his opinion regarding value of said property shall be final." The agreement further provided that "[u]pon completion of the appraisals but no later than forty-five (45) days from the execution of this agreement unless extended in writing by agreement of the Husband and the Wife, said property will be divided between the Husband and Wife with the Wife receiving 60% of the equity in said properties and the Husband receiving 40% of the equity in said properties." It was stipulated at oral argument that the agreement provided Mrs. Baker would receive the marital home and that the home would be included in the 60%-40% division. On October 12, 1984 the parties selected an experienced real estate appraiser who had been an active appraiser in the Liberty County area since 1975. The appraisals were not completed until June 25, 1985, well beyond the forty-five day limit.

Mrs. Baker challenged the results of the appraisals on the basis that certain parcels of commercial property had been undervalued. The affidavit of an expert real estate appraiser supported her contention. The trial court found that the parties mutually agreed upon the selection of the appraiser and, according to the terms of the agreement, were bound by his findings. Accordingly, the court entered summary judgment for the defendant.

Appellant alleges three enumerations of error: 1) summary judgment should not have been granted because the opposing expert affidavits created a genuine issue of material fact, 2) failure to complete the appraisals within the forty-five day period rendered the appraisals suspect and should allow the appellant to obtain a separate appraisal, and 3) appellant is entitled to a correct appraisal regardless of the agreement. We find no merit in these contentions.

The issue in this case is whether summary judgment should have been entered for the defendant. Summary judgment is proper only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. OCGA § 9-11-56 (c) (1982).

Given the terms of the agreement voluntarily entered into by the parties, the only issues to be decided on the motion for summary judgment were: 1) whether the parties mutually agreed upon the selected appraiser, and 2) whether the selected appraiser rendered an

opinion of the value of the subject properties. Based upon undisputed evidence, the trial court answered these questions in the affirmative and correctly entered summary judgment for the defendant.

Although appellant's expert affidavit created an issue of fact, such issue was not *material* because the accuracy of the appraisal was not a relevant consideration under the agreement. Furthermore, failure to complete the appraisals within forty-five days was an immaterial issue because the agreement failed to specify the consequences of such a delay.

In support of her third contention, appellant poses interesting hypothetical facts equating this case with a situation in which the appraiser suffers a disabling mental condition prior to performing the appraisal. We need only state that those facts are not present in the instant case.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 19, 1987.

*William F. Braziel, Jr.*, for appellant.
*John E. Pirkle*, for appellee.